UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**DEC 1 6 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-489-KSF

RONALD N. SIMON,                                                                      PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

J. COOK, ET AL.,                                                                      DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On October 29, 2004, plaintiff Ronald N. Simon filed this *pro se* action, pursuant to 42 U.S.C. § 1983, against defendants  J. Cook, individually and in his official capacity as a police officer employed by the Lexington Fayette Urban County Government, and the Lexington Fayette Urban County Government, concerning an incident that occurred on October 31, 2003.  Plaintiff alleges that while another police officer was at his residence on the afternoon of October 31, 2003, investigating plaintiff's complaint of being harassed by unnamed police officers, defendant police officer J. Cook intervened and interjected himself into this investigation, questioned plaintiff, ultimately handcuffed, searched and seized plaintiff, and then transported him to Eastern Kentucky State Hospital for a psychiatric evaluation, where he was kept for five (5) days, all in violation of plaintiff's constitutional rights.  Plaintiff also asserts various state law claims, including claims for negligence, civil rights violations, intentional infliction of emotional distress, and negligent infliction of emotional distress.

This matter is before the court on plaintiff's motion for a protective order limiting the scope of defendants' discovery and on defendants' motion to compel discovery from plaintiff.[1]  These motions have been fully briefed and are ripe for review.

---

[1]  Pursuant to numerical paragraph 6 of the district court's Dispositive Motions Scheduling Order entered herein on October 13, 2005, all discovery disputes were referred to the Magistrate Judge for resolution.  [DE #27].

The resolution of the discovery dispute concerning the foregoing motions requires the court to examine the disputed discovery requests, as well as any correspondence between the parties in attempting to informally resolve this discovery problem without court intervention. In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

## II. PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER and DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

Plaintiff seeks a protective order limiting the scope of defendants' discovery. As grounds for his motion for a protective order, plaintiff asserts that defendants seek information that is (1) beyond the scope of Rule 26(b)(1), (2) intended to cause annoyance, embarrassment and oppression, and (3) subject to the psychotherapist-patient privilege and the constitutional right to privacy. Plaintiff requests that the scope of defendants' discovery be limited to the following matters: (1) information regarding witnesses to be called for trial, (2) information regarding the facts and circumstances of which defendant Cook was aware at the time he seized plaintiff on October 31, 2003, and (3) information regarding damages.

More particularly, plaintiff also requests the court to prohibit defendants from obtaining any discovery into the following matters: (1) any of plaintiff's medical records, including records of his psychiatric evaluation at Eastern State Hospital; (2) the names of plaintiff's health care providers, the dates of treatment, and the nature of treatment; (3) any "other acts," as defined under Federal Rule of Evidence 404, which are probative only of the character of the plaintiff; (4) plaintiff's mental condition; (5) plaintiff's personal finances; (6) plaintiff's sexual habits; (7) plaintiff's relationships with family, neighbors and friends; (8) plaintiff's religious beliefs; and (9) any other irrelevant private matters.

In response, defendants object to plaintiff's motion for a protective order and have also moved to compel plaintiff to supplement his responses to two of their discovery requests

2

(Interrogatory No. 15 and Request No. 15 of the Request for Production of Documents) and to make himself available for deposition.

In support of their objection to plaintiff's motion for a protective order and their motion to compel, defendants note that based on the allegations made in the complaint, including plaintiff's multiple references to the emotional distress he suffered as the result of the actions of the defendants in this case, plaintiff has put his mental state at issue. Based on this fact, defendants submit that plaintiff's emotional/psychiatric history prior to October 31, 2003, may lead to the discovery of relevant, admissible evidence concerning the defenses asserted to the complaint. Defendants further argue that since plaintiff has placed his mental state at issue, he has waived the psychiatric/patient privilege; therefore, they are entitled to discover the report of plaintiff's psychiatric evaluation conducted at Eastern Kentucky State Hospital after plaintiff was transported there by Officer John Cook on October 31, 2003.

### Analysis

This case presents many factual issues in dispute. Plaintiff claims that Officer John Cook did not have probable cause to transport him to Eastern Kentucky State Hospital on October 31, 2003, for a psychiatric evaluation, pursuant to statute. On the other hand, defendants contend that Officer Cook acted in good faith, with probable cause, and pursuant to statutory authority. Thus, it is clear that based on the allegations made in the complaint, plaintiff has placed his mental state at issue. Consequently, plaintiff has waived the psychiatric/patient privilege. *See Schoffstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000). Therefore, the Magistrate Judge concludes that defendants are entitled to obtain discovery from plaintiff concerning his mental state on October 31, 2003, which would necessarily include their entitlement to the report of plaintiff's psychiatric evaluation at Eastern Kentucky State Hospital conducted subsequent to this incident on October 31, 2003. Additionally, the Magistrate Judge also concludes that defendants also entitled to discover plaintiff's

discovery of evidence relevant to defendants' defenses raised herein.[2]  However, any and all of plaintiff's medical records, including the report of his psychiatric evaluation, are confidential information and should be disclosed only to defendants and their counsel.  Defendants are free to use this information when deposing plaintiff, but if any of plaintiff's medical records are filed in the record, they must be filed under seal.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion for a protective order limiting the scope of defendants' discovery concerning his mental state on October 31, 2003, and his emotional/psychiatric history prior to October 31, 2003 [DE #33] is **DENIED**.

2.  Defendants' motion to compel plaintiff to supplement his responses to Interrogatory No. 15 and to Request No. 9 of the Request for Production of Documents and to make himself available for deposition [DE #36] is **GRANTED**.

3.  Plaintiff is directed to supplement his responses to Interrogatory No. 15 and to Request No. 9 of the Request for Production of Documents within ten (10) days of the date of this Order.

This _16th_ day of December, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

---

[2] Although discoverable, such information may or may not be admissible at trial; however, the admissibility of this information is not before the court at the present time.